(No. 95-CV-2600–)

*In re* APPLICATION OF EDWARD E. JOHNSON, JR.

*Order filed July 5, 1996.*
*Order on rehearing filed March 3, 2000.*

EDWARD E. JOHNSON, JR., *pro se.*

JIM E. RYAN, Attorney General (DONALD C. McLAUGH-LIN, JR. and KIMBERLY M. PATE, Assistant Attorneys General, of counsel), for Respondent.

## ORDER

PER CURIAM.

This claim arises out of an incident that occurred on September 24, 1993. The Claimant, Edward E. Johnson, Jr., seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1 *et seq.*

This Court has carefully considered the application for benefits submitted on March 16, 1995, on the form prescribed by the Attorney General and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on September 24, 1993, the Claimant was shot, allegedly by an offender who was unknown to him.

The incident occurred at 1500 Meadow Court, Rockford, Illinois. While being questioned by the investigating police officer, the Claimant indicated that he did not want to sign a criminal complaint nor to assist in the prosecution of the alleged assailant. Charges of aggravated battery were placed against the alleged offender but were later dismissed when the Claimant did not make himself available to the Winnebago County State's Attorney's office for further review of the incident.

2. That section 6.1(c) of the Act (740 ILCS 45/6.1(c)) states that a person is entitled to compensation under the Act if the applicant has cooperated fully with law enforcement officials in the apprehension and prosecution of the assailant.

3. That the police report and an investigation by the Winnebago County State's Attorney's office shows that the Claimant declined to cooperate fully with law enforcement officials in the apprehension and prosecution of the assailant in that he did not want to sign a criminal complaint nor assist in the prosecution of the alleged assailant. Charges of aggravated battery were placed against the alleged offender but were later dismissed when the Claimant did not make himself available to the Winnebago County State's Attorney's office for further review of the incident.

4. That by reason of the Claimant's refusal to fully cooperate with law enforcement officials in the apprehension and prosecution of the assailant as required by the Act, he is not eligible or compensation thereunder.

5. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be and is hereby denied.

## ORDER

MITCHELL, J.

Claimant, Edward E. Johnson, Jr., a victim of a shooting occurring on or about September 24, 1993, filed a claim seeking compensation pursuant to the provisions of the Crime Victims Compensation Act. (740 ILCS 45/1 *et seq.*) On or about July 5, 1996, Claimant's claim was denied by this Court due to Claimant's failure to cooperate with law enforcement. On or about July 22, 1996, and again on July 31, 1996, Claimant requested a rehearing.

The following facts were presented at the hearing:

Claimant was robbed by a group of approximately eight individuals with automatic weapons. Claimant was shot by an assailant who he was unable to identify. Claimant was then shot several more times by an individual or individuals whom Claimant was unable to identify.

Claimant was hospitalized for approximately five days. On the second day of his admission to the hospital, Claimant was interviewed by detectives. Claimant informed detectives that he could not identify the individuals who shot him. According to Claimant, the detectives informed him that a witness had identified at least one individual who had shot Claimant. Claimant indicated that he could not positively identify the individual who shot him and refused to assist the detectives in their investigation of the incident.

Claimant received a subpoena to testify at trial against the individual, who was identified as his assailant. Claimant, by his own admission, refused to abide by the subpoena because he did not feel that he could identify the individual in question.

Claimant bases his argument that he refused to cooperate with authorities on his inability to identify his

assailants and his refusal to falsely accuse an individual who he could not positively identify as his assailant. Claimant's refusal to appear at trial against one of the individuals identified as Claimant's assailant prevented authorities from successfully prosecuting this individual.

Section 6.1(c) of the Crime Victims Compensation Act (740 ILCS 45/6.1(c)) states that a person is entitled to compensation under the Act if the applicant has cooperated fully with law enforcement officials in the apprehension and prosecution of the assailant.

Claimant, by his own admission, refused to cooperate fully with law enforcement officials in the apprehension and prosecution of an individual identified as Claimant's assailant. Therefore, the claim is denied.